

SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–15–739

| | |
|---|---|
| TAMMY DUHON AND GREGORY TODD LIPSCOMB<br><br>APPELLANTS<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES<br><br>APPELLEE | **Opinion Delivered** March 2, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION<br>[NO. 60JV-14-506]<br><br>HONORABLE PATRICIA JAMES, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## M. MICHAEL KINARD, Judge

Appellants Tammy Duhon and Gregory Todd Lipscomb appeal from the termination of their parental rights to their children, H.L. and J.L. Appellants' attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's brief contains an abstract and addendum of the proceedings below, details all adverse rulings made at the termination hearing, and explains why there is no meritorious ground for reversal. The clerk of this court sent copies of the brief and motion to withdraw to appellants, informing them of their right to file pro se points for reversal. Tammy has filed a statement of points. We affirm the termination and grant the motion to withdraw.

Three-year-old H.L. and one-year-old J.L. were taken into custody by the

Department of Human Services (DHS) in April 2014. A caller to the child-abuse hotline had alleged that appellants were cooking and using methamphetamine in the home. Law enforcement found drug paraphernalia and a knife and gun within the children's reach, and appellants refused to be drug tested. The family had previously been involved in a protective-services case, opened in June 2013, due to the children testing positive for amphetamines and methamphetamine in hair-follicle tests. That case had been closed just three months earlier in January 2014. The children again tested positive after being taken into custody in April 2014.

Appellants' parental rights were terminated after a June 1, 2015 hearing. The trial court found by clear and convincing evidence that termination was in the children's best interest and that multiple statutory grounds existed, including that, subsequent to the original petition, other factors had arisen demonstrating that parental custody would be contrary to the children's health, safety, and welfare, and that, despite the offer of appropriate services, appellants had manifested the incapacity or indifference to remedy the subsequent issues. Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*) (Repl. 2015). The trial court found that appellants did not exhibit true effort and that their partial compliance with the case plan did not lead to meaningful changes. Most notably, appellants had no visitation with the children during the entire case due to their failure to comply with the court's orders. At the probable-cause hearing, appellants were ordered to submit to hair-follicle tests. The court ordered that if a parent tested positive, failed to appear for the test, or compromised their hair such that it could not be tested, visitation would be suspended until the parent had a clean

SLIP OPINION

hair-follicle test at his or her own expense. Tammy tested positive in this initial hair-follicle test, and Gregory did not have enough hair on his body to test.

In the following months, both parents tested positive for methamphetamine in urine drug screens and, on several instances, provided urine samples with suspicious temperature readings. Tammy submitted to a second hair-follicle test in November 2014 but again tested positive. Although both parents completed drug treatment in November 2014 and claimed to be drug free thereafter, they still did not obtain a clean hair-follicle test until more than a year into the case and after the termination hearing was set. The trial court found that appellants knew the evidentiary significance of obtaining a negative hair test and were fully aware that their visitation hinged on it.

Other factors the court noted included appellants' failure to report for drug screens when requested and the fact that they denied the caseworker full access to their home at times. Gregory admittedly did not put forth effort during his psychological evaluation, and Tammy was discharged from counseling after failing to complete assignments and failing to attend two appointments. Despite being ordered to obtain employment in April 2014, Tammy did not get a job until May 2015 and ended up quitting. The court found that appellants were capable of cooperating and remedying their issues, but they chose not to do so while being fully aware that their behavior inhibited reunification efforts and prevented them from even visiting their children.

Tammy's pro se points raise no issues of arguable merit; they involve sufficiency issues that are adequately covered in her attorney's brief or issues that are not preserved for appeal.



From our review of the record and the briefs presented to us, we conclude that counsel has complied with the requirements set by the Arkansas Supreme Court, and we hold that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm the order terminating appellants' parental rights.

Affirmed; motion to withdraw granted.

WHITEAKER and HIXSON, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Jerald A. Sharum*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.